UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DUANE FOXE and ALBERT DENNIS, individually and on behalf of all other persons similarly situated who were employed by ANTHONY G. FERRY, INC. and A. FERRY ELECTRICAL PROJECT MANAGEMENT SERVICES, INC., all d/b/a AGF ELECTRICAL CONTRACTORS, PATRICK KENNELLY, individually, and/or any other related or affiliated entities, | Docket No. 17-cv-155 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiffs, | **Jury Demand** |
| -against- | |
| ANTHONY G. FERRY, INC. and A. FERRY ELECTRICAL PROJECT MANAGEMENT SERVICES, INC., all d/b/a AGF ELECTRICAL CONTRACTORS, PATRICK KENNELLY, individually, and/or any other related or affiliated entities, | |
| Defendants. | |

Plaintiffs Duane Foxe ("Foxe") and Albert Dennis ("Dennis) (collectively "Named Plaintiffs"), on behalf of themselves and a putative class of similarly situated individuals (collectively "Plaintiffs"), by their attorneys, Virginia & Ambinder, LLP, alleges as follows:

## NATURE OF ACTION

1.      This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, and 216(b); New York Labor Law (hereinafter referred to as "NYLL") § 663, 195, 198, and 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") § 142-2.2, to recover unpaid overtime owed to Named Plaintiffs, and all similarly situated persons who are presently or were formerly employed by Defendants ANTHONY G. FERRY, INC. ("AGF") and A. FERRY ELECTRICAL PROJECT MANAGEMENT SERVICES, INC. ("AF Electrical"), all d/b/a AGF ELECTRICAL

CONTRACTORS, and PATRICK KENNELLY, individually ("Kennelly"), (collectively the "Defendants").

2.       Beginning in approximately 2010 and, upon information and belief, to date, Defendants have engaged in a policy and practice of requiring their employees to regularly work in excess of forty (40) hours per week without providing overtime compensation as required by applicable federal and state law.

3.       The Named Plaintiffs have initiated this action for themselves and on behalf of all similarly situated employees to seek earned but unpaid overtime compensation, plus liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION

4.       Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §1331 and 1337.  This court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

5.       The statute of limitations under the FLSA for willful violations is three (3) years. See 29 U.S.C. §255(a).

6.       The statute of limitations under the New York Labor Law is six (6) years. See New York Labor Law § 198(3).

## VENUE

7.       Venue for this action in the Southern District of New York under 28 U.S.C. §1391(b) is appropriate because Defendants reside in the Southern District of New York.

## THE PARTIES

8.       Named Plaintiff Dennis is a resident of Brooklyn, New York and performed electrical work for Defendants within the State of New York.

9.       Named Plaintiff Duane Foxe is a resident of Brooklyn, New York and performed

electrical work for Defendants within the State of New York.

10.     Upon information and belief, Defendant ANTHONY G. FERRY, INC. ("AGF") is a corporation incorporated under the laws of the State of New York, with its principal location at 2039 Colonial Ave., Bronx, New York 10461. Defendant AGF is engaged in electrical and electrical management business and employed Named Plaintiffs and members of the putative class at all relevant times.

11.     Upon information and belief, Defendant A. FERRY ELECTRICAL PROJECT MANAGEMENT SERVICES, INC. ("AF Electrical") is a corporation incorporated under the laws of the State of New York, with its principal location at 217A Fordham Street, Bronx, New York 10464.   Defendant AF Electrical is engaged in electrical and electrical management business and employed Named Plaintiffs and members of the putative class at all relevant times.

12.     Upon information and belief, Defendant PATRICK KENNELLY is a resident of 3 Winthrop Street, Rye, New York 10580 and is/or at all relevant times was a founder, officer, director, president, principle, vice present, and/or owner of Defendants AFG and AF Electrical.

## FLSA COLLECTIVE ACTION AND CLASS ALLEGATIONS

13.     This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

14.     This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants as electrical workers or in other electrical related work.

15.     Named Plaintiffs and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the FLSA by failing to provide

overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. § 207.

16.     The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of sixty (60) employees.

17.     The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week, (2) whether Defendant kept adequate and proper records, and (3) whether Defendants provided Plaintiffs with the legally required wage notices.

18.     The claims of the Named Plaintiffs are typical of the claims of the putative class members. The Named Plaintiffs, like all members of the putative class, were subject to Defendants' policies and willful practice of refusing to pay employees overtime compensation. The Plaintiffs and putative class members have thus sustained similar injuries as a result of the Defendants' actions.

19.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

20.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

21.     Named Plaintiff Dennis performed electrical work for Defendants from approximately May 2015 through April 2016.

22.     Plaintiff Dennis typically worked approximately six (6) to seven (7) days per week, from approximately 7:00 a.m. until 10:30 p.m. approximately five (5) days per week, and from approximately 8:00 a.m. until 4:30 p.m. two (2) day per week.

23.     As a result, Plaintiff Dennis regularly worked over forty (40) hours in a week.

24.     During his employment, Plaintiff Dennis was paid approximately $20.00 per hour regardless of how many hours he worked.

25.     When Plaintiff Dennis worked more than 40 hours in a week, he was not paid overtime compensation in an amount equal to one and one half times his regular rate of pay.

26.     Named Plaintiff Duane Foxe performed electrical work for Defendants from approximately August 2015 through November 2015.

27.     Plaintiff Foxe typically worked from approximately 7:00 a.m. until between 7:00 p.m. to 9:00 p.m, approximately five (5) to seven (7) days per week.

28.     As a result, Plaintiff Foxe regularly worked more than 40 hours in a week.

29.     During his employment, Plaintiff Foxe was paid between approximately $15.00 to $18.00 per hour regardless of how many hours he worked.

30.     When Plaintiff Foxe worked more than 40 hours in a week, he was not paid overtime compensation in an amount equal to one and one half times his regular rate of pay.

31.     Upon information and belief, Defendants willfully disregarded and purposefully evaded the recordkeeping requirements of the Fair Labor Standards Act and applicable State law by failing to maintain proper and complete timesheets and payroll records.

32.     Defendant maintains a policy and practice of not providing its employees the

statutorily required wage statements and wage notices.

33.     Upon information and belief, when Plaintiffs were hired by Defendants, they were not provided with any notification whatsoever indicating their regular or overtime rate of pay.

34.     Upon information and belief, during Plaintiffs' employment with Defendants, Plaintiffs were not provided with any wage statements that reflected the hours worked, the amount being paid, the regular or overtime rates of pay.

35.     Upon information and belief, Plaintiffs' co-workers, like Plaintiffs, also were not provided with wage notifications at the time of hire or wage did not receive wage statements or wage notices.

36.     Upon information and belief, Defendant Patrick Kenelly is an owner and director of Defendants AGF and AF Electrical and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

37.     Upon information and belief, Defendants are part of a single integrated enterprise that jointly employed Named Plaintiffs and similarly situated employees at all relevant times.

38.     Upon information and belief, Defendant Kenelly dominated the day-to-day operating decisions of Defendants AGF and AF Electrical, made major personnel decisions for Defendants AGF and AF Electrical, and had complete control of the alleged activities of Defendants AGF and AF Electrical which give rise to the claims brought herein.

39.     Upon information and belief, Defendant Kenelly was a supervisor, officers and/or agent of Defendants AGF and AF Electrical who acted directly or indirectly in the interest of Defendants AGF and AF Electrical, and is an "employer" within the meaning of the FLSA and

the NYLL.

40.     Upon information and belief, Defendant Kenelly, in his capacity as president, actively participated in the unlawful method of payment for employees of Defendants AGF and AF Electrical. Upon information and belief, the Named Plaintiffs and members of the putative class performed labor for the benefit of and at the direction of Defendant Kenelly.

41.     Upon information and belief, Defendants are a single and/or joint employer in that they share a common business purpose and ownership, maintain common control, oversight and direction over the operations of the work performed by Plaintiffs, including payroll practices. Upon information and belief, each Defendant has had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

42.     Upon information and belief, Defendants' operations are interrelated and unified.

43.     Upon information and belief, during all relevant times, Defendants shared a common management, and were centrally controlled and/or owned by Defendants.

44.     Upon information and belief, at all relevant times, Defendants had the power to determine employee policies, including but not limited to policies governing the payment of overtime compensation to employees.

45.     Upon information and belief, Defendants' annual gross volume of sales made or business done is not less than $500,000.

46.     Upon information and belief, Defendants engage in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce such as construction materials, equipment and tools.

**FIRST CAUSE OF ACTION**
**AGAINST DEFENDANT --**
**FLSA OVERTIME COMPENSATION**

47.     Named Plaintiffs repeat and reallege the allegations set forth in the proceeding

paragraphs.

48.     Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

49.     Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

50.     Named Plaintiffs and other members of the putative class are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203.

51.     Defendants are "employer[s]", within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

52.     Defendants failed to pay Named Plaintiffs and other members of the putative class overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

53.     The failure of Defendants to pay Named Plaintiffs and other members of the putative class their rightfully owed wages and overtime compensation was willful.

54.     By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS --
## NEW YORK OVERTIME COMPENSATION LAW

55.     Named Plaintiffs repeat and reallege the allegations set forth in the proceeding paragraphs.

56.     12 NYCRR §142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

57.     New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

58.     Named Plaintiffs are employees within the meaning of the NYLL and supporting Regulations.

59.     Defendants are employers within the meaning of the NYLL and supporting Regulations.

60.     Named Plaintiffs and the members of the putative class worked more than forty hours per week while working for Defendants.

61.     Named Plaintiffs and the members of the putative class did not receive overtime compensation in an amount equal to one and one half times their regular rates of pay for the hours worked after the first forty hours of work in a week.

62.     Consequently, by failing to pay to Named Plaintiffs and the other members of the putative class overtime compensation for work they performed after the first forty hours worked in a week, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

63.     Defendants' failure to pay overtime compensation to Named Plaintiff and the other members of the putative class for work they performed after the first forty hours worked in

a week was willful.

## THIRD CAUSE OF ACTION
## NEW YORK § 195(1) WAGE NOTICE VIOLATION

64.     Named Plaintiffs repeat and re-alleges the allegations set forth in the preceding

paragraphs.

65.     Pursuant to Section 195(1) of the NYLL, an employer is required to provide its

employees at the time of hiring a notice containing information, such as, "the rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

. . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For

all employees who are not exempt from overtime compensation . . ., the notice must sate the

regular hourly rate and overtime rate of pay."

66.     Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a

wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of

$250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

67.     At the time of hire, Defendants did not provide Named Plaintiffs or members of

the putative class with a wage notification informing Plaintiffs of, among other things, (1) their

regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g.,

whether they were hourly employees), or (4) the regular pay day designated by Defendant.

68.     Defendants violated NYLL § 195(1) by failing to provide Named Plaintiffs and

members of the putative class with wage notifications containing the information required by

NYLL § 195, *et seq.*

69.     The failure of Defendants to provide Named Plaintiffs and members of the

putative class with wage notifications in violation of NYLL § 195 was willful.

70.     By the foregoing reasons, Defendants are liable to Named Plaintiffs and members

of the putative class in the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

## FOURTH CAUSE OF ACTION
## NEW YORK § 195(3) WAGE STATEMENT VIOLATION

71.     Named Plaintiffs repeat and re-alleges the allegations set forth in the preceding paragraphs.

72.     Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

73.     Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

74.     Named Plaintiffs and members of the putative class did not receive any wage statements from the Defendants.

75.     Defendants violated NYLL § 195(3) by failing to provide Named Plaintiffs and members of the putative class with wage statements containing the information required by NYLL § 195(3).

76.     The failure of Defendants to provide Named Plaintiffs and members of the putative class with wage statements in violation of NYLL § 195 was willful.

77.    By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

78.    By the foregoing reasons, Defendants have violated the FLSA, 29 U.S.C. §§ 207, and 216(b), NYLL § 663, 195, 198, and 12 NYCRR § 142-2.2 and are liable to Plaintiffs and other members of the putative class in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE**, Plaintiff and the members of the putative class demand judgment:

(1) on their first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(2) on their second cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

(3) on their third cause of action, against Defendants for all statutory damages permitted under the NYLL plus attorneys' fees and costs;

(4) on their fourth cause of action, against Defendants for all statutory damages permitted under the NYLL plus attorneys' fees and costs;

(5) whatever other and further relief the Court may deem appropriate.

Dated: New York, New York
        January 9, 2017

VIRGINIA & AMBINDER, LLP

By:_____s/Lloyd Ambinder_____
Lloyd Ambinder
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
(212) 943-9082 fax
llambinder@vandallp.com
*Attorney for Plaintiff and the Putative Class*

## CONSENT TO JOIN COLLECTIVE ACTION FOR UNPAID WAGES

By signing below, I wish to participate in a lawsuit to recover any unpaid wages that may be owed to me under the Federal Fair Labor Standards Act against:

_AGF : Anthony G. Ferry, Inc._

I hereby appoint Lloyd Ambinder and the law firm of Virginia & Ambinder, LLP as my attorneys.

Name (Print) _Albert Dennis_

Address: _188 Linden Blvd_

City _BK_                   Zip Code: _11226_          Apt. _2E_

Telephone: _908 209 1392_

E-Mail: _Albertrdennis_ @ _gmail.com_

SIGNATURE: _ADenn_

DATE: _12.15.16_

CONSENT TO JOIN COLLECTIVE ACTION FOR UNPAID WAGES

By signing below, I wish to participate in a lawsuit to recover any unpaid wages that may be owned to me under the Federal Fair Labor Standards Act against:

_____AGF (Anthony G. Ferry, Inc.)_____.

I hereby appoint Lloyd Ambinder and the law firm of Virginia & Ambinder, LLP as my attorneys.

Name (Print)____Duane Foxe_____

Address:____1074 Easton Pkwy Bk 11213_____

City_____ Zip Code:_____ Apt. 24

Telephone:___718 604 - 0495_____

E-Mail:_____@_____. _____

SIGNATURE:_____

DATE:____12/12/16_____